UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ROBERT EARL HUBBARD,

  Plaintiff,

  v.    CAUSE NO.: 3:18-CV-225-JD-MGG

TASHA BENEE LEE, GREGORY ALAN
MILLER, and MICHELLE FENNESS
KRAUS,

  Defendants.

## OPINION AND ORDER

Robert Earl Hubbard, a prisoner without a lawyer, filed a complaint against a prosecuting attorney and two public defenders. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Hubbard alleges Tasha Benee Lee, a deputy prosecuting attorney, hates him. He alleges she interviewed a victim and prosecuted him even though she knew invasion of privacy charges had been previously dropped and the victim did not want to cooperate. However, "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409,

431 (1976). *See also Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003) ("Absolute immunity shields prosecutors even if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." (quotation marks and citation omitted)). Therefore prosecutorial immunity precludes a claim for monetary damages against Tasha Benee Lee.

Hubbard alleges his public defenders, Gregory Alan Miller and Michelle Fenness Kraus, knew what the deputy prosecutor was doing, but did not stop her or tell the judge. However, a criminal defense attorney, even an appointed public defender, does not act under color of state law. *Polk County v. Dodson*, 454 U.S. 312 (1981). Therefore these allegations do not state a claim.

Finally, Hubbard asks the court to order the State of Indiana to modify his sentence. However, "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement . . .." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). If Hubbard wants to file a habeas corpus case, he must get a habeas corpus form – AO-241 (Rev. 1/15)(Conviction, INND Rev. 8/16) – from the prison library and file a separate lawsuit.

Though it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed sua sponte, *see Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), that is unnecessary where the amendment would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). Such is the case here.

For these reasons, this case is DISMISSED pursuant to 28 U.S.C. § 1915A because this complaint does not state a claim.

SO ORDERED on April 19, 2018.

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT